UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---------------------------------------------------------------- x
In re:                                    )
                                          )    Chapter 11
**BIOFUEL INDUSTRIES GROUP, LLC,**        )    Case No. 11-54601
                                          )    Hon. Phillip J. Shefferly
    Debtor.           )
---------------------------------------------------------------- x

### NOTICE OF FILING OF AMENDED PROPOSED ORDER TO DEBTOR'S MOTION TO OPTAIN POST-PETITION FINANCING [DOCKET NO. 3]

The above-captioned debtor (the "Debtor") hereby submits the attached revised proposed Interim Financing Order (**Exhibit 1** to Debtor's May 23, 2011 financing motion [Docket No. 3] (the "Financing Motion")) which is marked to show the changes made to the version that was attached to the Financing Motion.

**The Court has set a hearing on the relief requested in the Financing Motion for Thursday, May 26, 2011, at 9:30 am prevailing Eastern Time.**

               **CARSON FISCHER, P.L.C.**

               */s/ Christopher A. Grosman*
               Robert A. Weisberg (P26698)
               Christopher A. Grosman (P58693)
               4111 Andover Road
               West - Second Floor
               Bloomfield Hills, Michigan 48302
               Telephone: (248) 644-4840
               Facsimile: (248) 644-1832
               E-mail: RWeisberg@CarsonFicher.com
                    CGrosman@CarsonFischer.com

Dated: May 24, 2011       *Proposed Counsel for the Debtor and Debtor In Possession*

# Exhibit 1

# Revised Proposed Order

# (Marked to Show Changes)

| | | |
|---|---|---|
| In Re: | : | Chapter 11 |
| | : | Case No. 11 – ~~_____~~ 54601 |
| BIOFUEL INDUSTRIES GROUP, LLC, | : | |
| | : | Hon~~._____~~. Phillip J. Shefferly |
| Debtor. | : | |
| | : | |
| | : | |

**~~FINAL~~INTERIM ORDER (A) AUTHORIZING DEBTOR IN POSSESSION TO OBTAIN ~~FINAL~~ SECURED POST-PETITION FINANCING AND (B) GRANTING RELATED RELIEF**

THIS MATTER having come before the Court upon the Motion dated May ~~__,~~ 23, 2011 (the "**Motion**") of Biofuel Industries Group, LLC, debtor and debtor in possession (the "**Debtor**") seeking entry of an order:

(a) authorizing the Debtor to obtain credit and incur debt secured by liens (as defined in Section 101(37) of Title 11, U.S.C., as amended (the "**Bankruptcy Code**") and referred to herein as "**Liens**") on property of the Debtor's estate pursuant to Section 364(c)(3) of the Bankruptcy Code and with priority, as to administrative expenses, as provided in Section 364(c)(1) of the Bankruptcy Code; and

(b) authorizing the Debtor to establish that financing arrangement with LQM Ventures LLC, a Delaware limited liability company, or an entity to be formed by it (the "**Lender**") and the Lender, which is contemplated by the Asset Purchase Agreement dated May ~~__,~~ 20, 2011 (the "**APA**") substantially in the form annexed to the Motion as **Exhibit** ~~__,~~ 4, and incur the obligations as provided at section 18 of the APA (the "**Obligations**").

(c) authorizing the Debtor to provide the Lender with Liens upon the Debtor's property as provided in and as contemplated by the APA, as supplemented by this Order.

(d) Authorizing the Debtor to grant the Lender a Super-Priority Claim (as hereinafter defined) over any and all administrative expenses other than as set forth in paragraph 11 below.

It appearing that absent the relief requested herein, the Debtor will suffer immediate and irreparable harm; and it further appearing that notice of the Motion is sufficient and complies with the requirements of Bankruptcy Rules 4001(c) and 4001(d); and for good cause shown;

IT HEREBY FOUND THAT:

A. On May ~~__,~~ 23, 2011 (the "**Commencement Date**"), the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§101 et seq.

B. The Debtor has continued in the management and operation of its businesses and properties as debtor in possession pursuant to Bankruptcy Code Sections 1107 and 1108. No trustee or examiner has been appointed in these cases.

C. This Court has jurisdiction, pursuant to 28 U.S.C. §§157(b) and 1334, over these proceedings, and over the persons and property affected hereby.

D. An immediate need exists for the Debtor to obtain funds to preserve the value of its estate and the going concern value of the Project. The Debtor requires the additional availability of working capital, the absence of which would immediately and irreparably harm the Debtor, its estates, and their creditors and the possibility for a successful reorganization.

E. The Debtor is unable to obtain unsecured credit allowable under Bankruptcy Code Section 503(b)(1) as an administrative expense.

F. The Debtor is also unable to obtain secured credit, allowable only under Bankruptcy Code Section 364(c)(3), except under the terms and conditions provided in this Order. The Debtor is unable to obtain credit for borrowed money without the Debtor's granting to the Lender (i) Liens on various of the assets of the Debtor pursuant to Bankruptcy Code Section 364(c)(3), and (ii) a super-priority administrative expense claim status pursuant to Sections 364(c)(1) of the Bankruptcy Code and as provided by this Order.

G. The availability of sufficient working capital through the incurrence of indebtedness for borrowed money and other financial accommodations is vital to the Debtor's ability to preserve and maintain the value of its property, to consummate a sale of its assets, and its ability to consummate a successful reorganization.

H. The relief requested in the Motion is necessary, essential, and appropriate for the preservation of Debtor's property.

I. It is in the best interest of Debtor's estate to be allowed to establish the financing arrangement contemplated by the APA.

J. The terms and conditions of the APA relative to the Advances, including those which provide for the payment of interest to the Lender at the times, and in the manner provided under the APA, are believed to be fair, reasonable, and the best available under the circumstances.

K. The APA was negotiated in good faith and at arm's length between the Debtor, on the one hand, and the Lender on the other. Credit to be extended under the APA will be so extended in good faith, in consequence of which the Lender is entitled to the protection and benefits of Bankruptcy Code Section 364(e).

L. The notice of the Hearing at which this Order was entered, which notice was provided by the Debtor to (i) the United States Trustee, (ii) the Lender, (iii) the pre-petition lender, (iv) each other party which has filed a request for special notice with this Court and served such request upon the Debtor's counsel, (v) counsel for any statutory committees, if any, (vi) all creditors who have recorded a UCC-1 financing statement on the personal property of the

Debtor at least fifteen business days prior to the Commencement Date, and (vii) the Debtor's twenty largest unsecured creditors, constitutes adequate notice under the circumstances in accordance with Bankruptcy Rule 4001(c) and Bankruptcy Code Section 102(1), as required by Bankruptcy Code Section 364(c) in light of the nature of the relief requested in the Motion.

M. Good and sufficient cause has been shown for the entry of this Order. Among other things, the entry of this Order will (i) enable the Debtor to continue its business at a going concern, (ii) increase the possibility for a successful sale, and (iii) be in the best interest of the Debtor, its creditors and its estate.

N. The procedure set forth in paragraph 27 of this Order constitutes sufficient "notice and hearing" under §§ 102, 363, and 364 of the Code, FED. R. BANKR. P. 2002, 4001, 6004, 6007, and 9006 and all applicable local rules. **Except for the effect of § 364(e) of the Code for loans and advances made prior to entry of a final order, this Order is being entered on an interim basis pursuant to Fed.R.Bankr.P. 4001 and is expressly subject to the rights of parties in interest to object as specifically provided in paragraph 27 below.**

NOW, THEREFORE, on the Motion of the Debtor and the record before the Court with respect to the Motion made by the Debtor, and with the consent of the Debtor and the Lender to the form and entry of this Order, and good cause appearing,

IT IS ON THIS __ day of May, 2011 ORDERED that:

## APPROVAL OF AND AUTHORIZATION AS TO BORROWING

1. Unless otherwise defined in this Order, all capitalized terms used herein shall have the same meaning as in the Motion or APA, as applicable.

2. The terms and the conditions of the APA, as they relate to the DIP Loan, are hereby approved. The Debtor is authorized to:

   (1) Establish the financing arrangement on the terms set forth in the APA.

   (2) Execute the APA and any other instruments and documents as may be necessary, if any.

   (3) Borrow up to $60,000 under the APA.

3. The Debtor is herby authorized and required to do and perform all acts and to make, execute, and deliver all instruments and documents which may be required or necessary for the performance by the Debtor under the APA relative to the DIP Loan and the creation and perfection of the Liens described in and provided for by the APA and to assure the priority thereof as contemplated herein.

4. The Debtor is hereby authorized to grant to the Lender valid, binding, enforceable and perfected Liens, subordinate to existing liens, mortgages and security interests, which were properly perfected as of the Commencement Date and not subject to avoidance (the "Senior

3

Secured Creditors"), in and to all collateral security (the "**Collateral**") to be provided pursuant to the APA to secure all Obligations incurred under the APA, including, without limitation,

> All inventory, accounts, equipment, general intangibles, chattel paper, and goods (respectively as defined in the Uniform Commercial Code) now owned or in which the Debtor has any interest or hereafter acquired or in which the Debtor obtains an interest; all real estate owned by the Debtor or in which the Debtor has an interest, and the products and proceeds thereof (in each case without regard to whether acquired prior or subsequent to the Commencement Date).

5. The automatic stay imposed under Bankruptcy Code Section 362(a)(4) is hereby lifted to permit the Debtor to grant the aforesaid Liens and to perform the Debtor's liabilities and Obligations to the Lender in connection with the DIP Loan under the APA.

6. Each officer of the Debtor as may be so authorized by the managing member of the Debtor, acting singly, is hereby authorized to execute and deliver the APA, such execution and delivery to be conclusive of their respective authority to act in the name of and on behalf of the Debtor.

7. The Liens to be created and granted to the Lender, as provided in paragraph 4 above, are created pursuant to Bankruptcy Code Sections 364(c)(3). With the exception of (a) the statutory fees of the United States Trustee as provided in 28 U.S.C. §1930(a) and fees to the clerk of the Bankruptcy Court (the "**Mandatory Fees**"), and (b) property of the estate which, on the Commencement Date was subject to an existing and properly perfected lien, mortgage or security interest in the Collateral, the Liens to be created and granted to the Lender, as provided in paragraph 4 above, are first, prior, perfected, and superior to any security, mortgage, or collateral interest or Lien or claim to the Collateral.

8. This Order shall be sufficient and conclusive evidence of the validity, perfection, and priority of the Lender's Liens upon the Collateral to secure all Obligations incurred under the APA, without the necessity of filing or recording any financing statement or other instrument or document which may otherwise be required under the law of any jurisdiction or the taking of any other action to validate or perfect the Liens of the Lender in and to the Collateral or to entitle the Lender to the priorities granted herein, *provided, however*, the Debtor may execute and the Lender may file or record financing statements or other instruments to evidence and to perfect the Liens authorized hereby, *provided further, however*, no such filing or recordation shall be necessary or required in order to create or perfect any such Lien.

9. The Lender, in its discretion, may file a xerographic copy of this Order as a financing statement with any recording officer designated to file financing statements or with any registry of deeds or similar office in any jurisdiction in which the Debtor has real or personal property.

10. The APA shall constitute and evidence the valid and binding Obligations of the Debtor, which Obligations shall be enforceable against the Debtor in accordance with its terms.

ADMINISTRATIVE CLAIM

4

NYACTIVE-12007333.7
11-54601-pjs    Doc 10    Filed 05/24/11    Entered 05/24/11 11:23:35    Page 6 of 10

11. The Obligations under the APA shall be an allowed administrative expense claim (the "**Super-Priority Claim**") with priority (subject and subordinate to the Mandatory Fees) under Bankruptcy Code Section 364(c)(1) and otherwise over all the administrative expense claims and unsecured claims against the Debtor, now existing or hereafter arising, of any kind or nature whatsoever including, without limitation, administrative expenses of the kinds specified in or ordered pursuant to Bankruptcy Code Sections 105, 330 and 331 (except as otherwise provided in paragraph 12 below with respect to the Mandatory Fees), 503(a), 503(b), 506(c), 507(a), 507(b) and 546, *provided that* the Super-Priority Claim of the Lender shall not extend to any avoidance actions and the proceeds thereof under Chapter 5 of the Bankruptcy Code (other than actions brought pursuant to Section 549 of the Bankruptcy Code as to which the Lender shall have first priority) except for reimbursement of amounts, if any, advanced by the Lender for the prosecution of such avoidance actions and collection of any recoveries therefrom and for realization on any assets of the Debtor which were subject to liens which are so avoided. Nothing contained herein is deemed to constitute the obligation of the Lender to make any such advances.

12. Except for the Mandatory Fees, no costs or expenses of administration including, without limitation, professional fees allowed and payable under Bankruptcy Code Sections 330 and 331 that have been or may be incurred in these Chapter 11 cases, and no priority clams to the Collateral are, or will be, prior to or on a parity with the Obligations under the APA, or with any other claims of the Lender arising hereunder.

13. No cost or expense which is incurred by the Debtor or any other person in connection with or on account of the preservation and/or disposition of any Collateral or which otherwise could be chargeable to the Lender or the Collateral by the Debtor or such other person pursuant to Bankruptcy Code Section 506(c) or otherwise, shall be chargeable to the Lender or the Collateral, with the exception of advances by Citizens Bank to preserve or maintain the Collateral upon two (2) business days notice to Lender, unless said expenditure is an emergency.

14. If at any time prior to the repayment in full of all Obligations under the APA and the termination of the Lender's obligation to make loans and Advances under the APA, the Debtor or any trustee subsequently appointed shall obtain credit or incur debt pursuant to Bankruptcy Code Section 364(b), 364(c) or 364(d), then all of the consideration for such credit or debt, including the Advances and interest thereon, shall immediately be turned over to the Lender in reduction of the Obligations under the APA.

15. All Obligations of the Debtor to the Lender under the APA are due and payable upon the earliest to occur of

    (1)      the closing of the Sale; or

    (2)      the effective date of any plan of reorganization for any of the Debtors in these Chapter 11 cases; or

    (3)      an Event of Default under the APA.

16. Unless and until the Obligations under the APA are repaid in full, the protections afforded to the Lender under the APA and hereunder, and any actions taken pursuant thereto,

5

shall survive the entry of any order confirming a plan of reorganization or converting this case into a case pursuant to Chapter 7 of the Bankruptcy Code, and the Liens in and to the Collateral and the Super-Priority Claim shall continue in these proceedings and in any such successor case, and such security, mortgage, and collateral interests and other Liens, and Super-Priority Claim shall maintain their priority as provided by this Order until the Obligations under the APA have been satisfied in full.

17. The amount, time, and manner of payment of the Obligations pursuant to the APA, the creation, scope, perfection, and priority of the security, mortgage, and collateral interests and other Liens in and to the Collateral and the Super-Priority Claim shall not be altered or impaired by any plan of reorganization which may hereafter be confirmed or by any further order which may hereafter be entered.

## REMEDIES UPON AN EVENT OF DEFAULT

18. Upon the occurrence of an Event of Default under the APA and at any time thereafter, with three (3) Business Days' prior written notice of such occurrence or any other provision of the APA and at any time thereafter upon five (5) Business Days' prior written notice of such occurrence, in each case given to the Debtor, counsel for any Senior Secured Creditors, counsel to the official creditors committee, if appointed, and the United States Trustee, and upon entry of an order of this Court, the Lender shall be entitled to exercise the following rights and remedies, subject to the rights of Senior Secured Creditors in the Collateral:

    (1) the Debtor shall place into a separate escrow all proceeds of Collateral pending further order of the Court;

    (2) the Debtor shall have no right to use any of such proceeds; and

    (3) all other remedies set forth at paragraph 18(g) of the APA.

19. Nothing included herein shall prejudice, impair, or otherwise affect the Lender's right to seek any other or supplemental relief in respect of the Debtor nor the Lender's right, as provided in the APA, to suspend or terminate the making of loans under the APA.

## MISCELLANEOUS PROVISIONS

20. If any provision of this Order is hereafter modified, vacated or stayed by subsequent order of this or any other Court for any reason, such modification, vacation, or stay shall not affect the validity of any obligations incurred pursuant to this Order and prior to the later of (a) the effective date of such modification, vacation, or stay, or (b) the entry of the order pursuant to which such modification, vacation, or stay was established, nor the validity, priority, or enforceability of any Lien granted by the Debtor to the Lender.

21. Any Advances made, Obligations incurred and the Liens and Super-Priority Claims granted to the Lender under the APA and this Order, and the priority thereof, shall be binding on the Debtor, any successor trustee for the Debtor, and all creditors of the Debtor, and the Lender shall otherwise be entitled to all of the benefits and protections of Bankruptcy Code Section 364(e).

22. The Lender's failure to seek relief or otherwise exercise its rights and remedies under the APA or this Order shall not constitute a waiver of any of the Lender's rights hereunder, thereunder or otherwise.

23. The Debtor and the Lender may amend or waive any provision of the APA, provided that such amendment or waiver, in the judgment of the Debtor and the Lender, is either nonprejudicial to the rights of third parties or is not material. Except as otherwise provided herein, no waiver, modification, or amendment of any of the provisions hereof shall be effective unless set forth in writing, signed by the parties hereto and approved by the Court.

24. In event of any inconsistency between the terms and conditions of the APA and this Order, the provisions of this Order shall govern and control.

~~25. All objections to the entry of this Final Order have been withdrawn or are hereby overruled.~~

~~26~~25. The Lender shall have no obligation to lend any money to the Debtor unless and until the Procedures Order is entered by the Court, including approval of the Break-Up Fee set forth in paragraph 16 of the APA, and the Procedures Order shall become a Final Order.

~~SO ORDERED by the Court this ___ day of May, 2011.~~

_____
~~UNITED STATES BANKRUPTCY JUDGE~~

26. If any or all of the provisions of this Order are hereafter modified, vacated, stayed or terminated by subsequent order of this Court or any other court, such modification, vacation or stay shall not affect (a) the validity of any debt under this Order to Lender that was incurred pursuant to this Order prior to the effective date of such modification, vacation, stay or termination, or (b) the extent, validity, priority and enforceability of any lien or security interest of Lender granted pursuant to this Order. Notwithstanding such modification, vacation, stay or termination, any obligations of Debtor pursuant to this Order arising prior to the effective date of such modification, vacation, stay or termination shall be governed in all respects by the original provisions of this Order. Lender shall be entitled to all of its rights, privileges and benefits hereunder and thereunder including, without limitation, the liens, security interests, priorities and collection rights granted herein to or for the benefit of Lender with respect to all borrowings and advances made pursuant to this Order.

27. Notice shall be given by Debtor (no later than one (1) business day after the date of this Order) to all creditors and interested parties entitled to receive notice pursuant to Fed. R. Bankr. P. 4001 that this Order has been entered. Pending a final hearing, Debtor may borrow from Lender under the terms and conditions stated herein. Any objections to entry of this Order as a final order must be (a) filed with the Court and (b) served upon and received by counsel for Debtor and Lender (at the addresses set forth below) no later than 5:00 p.m. on _____, 2011, provided, however, that if a committee of unsecured creditors is formed, the committee shall have until the earlier of fifteen (15) days after its formation or _____, 2011 to

object to this Order. If a timely objection is filed and served as provided above, a hearing will be held on _____, 2011 at _____, at which time the objector(s) shall be given an opportunity to show cause why this Order should not be a final order of this Court. If no such timely objection is filed and served or if the objection is timely filed and served, but overruled by the Court, this Order shall become final without any further action by this Court. Notwithstanding the outcome of the final hearing on this Order, Lender shall be entitled to the liens, priorities and other rights provided in this Order to protect Lender to the extent of any Obligations incurred on or after entry of this Order.