UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---------------------------------------------------------------x
In re:                                                                                  )
                                                                                              )      Chapter 11
**BIOFUEL INDUSTRIES GROUP, LLC,**                            )      Case No. 11-54601
                                                                                              )      Hon. Phillip J. Shefferly
                                    Debtor.                                      )
---------------------------------------------------------------x

### ORDER (I) AUTHORIZING THE SALE OF CERTAIN OF THE DEBTOR'S ASSETS FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES; (II) AUTHORIZING AND APPROVING ASSET PURCHASE AGREEMENT THERETO; AND (III) GRANTING RELATED RELIEF

Upon the motion dated May 23, 2011 [Docket No. 6] (the "Sale Motion")[1] of **BIOFUEL INDUSTRIES GROUP, LLC**, as debtor and debtor in possession (the "Debtor") for entry of an order, pursuant to sections 105 and 363 of title 11 of the United States Code (the "Bankruptcy Code"), and Rules 2002, 6004, 9007 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") authorizing and approving, among other things, the sale of the Purchased Assets, free and clear of all liens, claims, encumbrances and other interests as hereafter provided; the Debtor having provided notice and an opportunity for an auction (the "Auction") of the Purchased Assets (as defined below); no party, other than the Purchaser (as defined below), having bid for the Purchased Assets and thus no Auction having been held; the Court having conducted a hearing on the Sale Motion (the "Sale Hearing") to consider the approval of the sale of the Purchased Assets and related transactions (the "Sale") contemplated pursuant to the Asset Purchase Agreement ("APA") between the Debtor and LQM Ventures LLC ("LQM"); pursuant to the APA, LQM has designated LVA Adrian BioFuel LLC, a Michigan limited liability

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the APA.

company ("LVA"), to take title to the Purchased Assets (LQM, LVA or such other entity designated by LQM shall collectively be referred to as the "Purchaser"); objections that have been raised to the Sale Motion have been withdrawn or otherwise resolved by the terms of this Order; and all parties in interest having been heard, or having had the opportunity to be heard, regarding the approval of the APA and transactions contemplated thereby; and it appearing that the relief requested in the Sale Motion is in the best interests of the Debtor, its estate, its creditors and other parties in interest; and after due deliberation and sufficient cause appearing therefore,

**THE COURT HEREBY FINDS AND DETERMINES THAT:**

**I.  Jurisdiction, Final Order and Statutory Predicates**

A.  The Court has jurisdiction to hear and determine the Sale Motion pursuant to 28 U.S.C. §§ 157 and 1334(a), and over the entities which are subject to the terms of this Order, including, but not limited to all creditors, all persons and entities who have a claim (as defined in § 101(5) of the Bankruptcy Code) against the Debtor or its estates, and all parties in interest, including those entities claiming an interest in the Purchased Assets, as defined in the APA. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (O). Venue is proper in this District and in the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B.  This order constitutes a final and appealable order within the meaning of 28 U.S.C. § 158(a). Notwithstanding Bankruptcy Rule 6004(h), the Court expressly finds that there is no just reason for delay in the implementation of this order, and expressly directs entry of judgment as set forth herein.

C.  The statutory predicates for the relief requested in the Sale Motion are sections 105(a) and 363(b), (f), and (m), of the Bankruptcy Code and Bankruptcy Rules 2002(a)(2), 6004, 9007 and 9014.

D       The findings of fact and conclusions of law set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014.

E.      To the extent any of the following findings of fact constitute conclusions of law, they are hereby adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are hereby adopted as such. Any findings of fact or conclusions of law stated by the Court on the record at the Sale Hearing are hereby incorporated, to the extent they are not inconsistent herewith.

## II.     Notice of the Sale, Auction

A.      Actual written notice of the Sale Hearing, the Auction, the Sale Motion, the Sale, and a reasonable opportunity to object or be heard with respect to the Sale Motion and the relief requested therein has been afforded to all known interested persons and entities, including, but not limited to the following parties (the "Notice Parties"):

1. the Office of the United States Trustee;

2. counsel to the Debtors' prepetition secured lenders;

3. all governmental taxing authorities that have, or as a result of the sale of the Purchased Assets may have, claims, contingent or otherwise, against the Debtor;

4. the Debtor's twenty largest unsecured creditors, as identified in the Debtors' chapter 11 petition;

5. all interested governmental, pension, and environmental entities;

6. all parties that have requested notice pursuant to Bankruptcy Rule 2002;

7. all persons or entities known to the Debtor that claim any interest in or lien on the Purchased Assets;

8. counsel to the Purchaser; and

9. all entities that have, within the past 12 months, expressed an interest in purchasing the Purchased Assets.

B.  As evidenced by the affidavits of service previously filed with the Court and based upon representation of counsel at the Sale Hearing, proper, timely, adequate, and sufficient notice of the Sale Motion and the Sale has been provided in accordance with sections 102(1), 363 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004 and 9014.  The notices described above were good, sufficient and appropriate under the circumstances, and no other or further notice of the Sale Motion, Sale Hearing or Sale is required.

C.  The disclosures made by the Debtor concerning the Sale Motion, APA, Sale, and Sale Hearing were good, complete and adequate.

### III.  Good Faith of Purchaser

A.  The Purchaser is not an "insider" of the Debtor, as that term is defined in section 101(31) of the Bankruptcy Code.

B.  The Purchaser is purchasing the Purchased Assets in good faith and is a good faith Purchaser within the meaning of section 363(m) of the Bankruptcy Code, and is therefore entitled to the full protection of that provision, and otherwise has proceeded in good faith in all respects in connection with this proceeding in that, inter alia: (a) Purchaser recognized that the Debtor was free to deal with any other party interested in acquiring the Purchased Assets; (b) Purchaser in no way induced or caused the chapter 11 filing by the Debtor; (c) all payments to be made by the Purchaser and other agreements or arrangements entered into by the Purchaser in connection with the Sale have been disclosed, including potential employment agreements with certain principals of the Debtor; (d) Purchaser has not violated section 363(n) of the Bankruptcy Code by any action or inaction and has not acted in any improper or collusive manner with any person; (e) no common identity of directors or controlling stockholders exists between the Purchaser and any of the Debtor; and (f) the Purchaser and the

-4-

11-54601-pjs    Doc 55    Filed 06/24/11    Entered 06/24/11 16:09:22    Page 4 of 18

Debtor the negotiated and executed of the final APA (as may be amended pursuant to this order), which is attached hereto as Exhibit A, without collusion, in good faith, and from arm's length bargaining position.

C. The terms and conditions of the APA are fair and reasonable and may not be avoided under Bankruptcy Code section 363(n).

D. The Purchaser has and will be acting in good faith within the meaning of 11 U.S.C. § 363(m) in closing the transactions contemplated by the APA and is entitled to all the benefits and protections of Bankruptcy Code section 363(m). Cause has been shown as to why this Sale Order should not be subject to the stay provided by Bankruptcy Rule 6004(g).

## IV. Highest or Best Offer

A. Prior to selecting Purchaser, the Debtor diligently and in good faith attempted to secure the highest and otherwise best offer for the Purchased Assets.

B. The APA constitutes the highest or best offer for the Purchased Assets, and will provide a greater recovery for the Debtor's estates than would be provided by any other available alternative. The Debtor's determination that the APA constitutes the highest or best offer for the Purchased Assets constitutes a valid and sound exercise of the Debtor's business judgment.

C. The APA represents a fair and reasonable offer to purchase the Purchased Assets under the circumstances of this chapter 11 case. No other person or entity or group of entities has offered to purchase the Purchased Assets for greater economic value to the Debtor's estate than the Purchaser.

D. Good and sufficient reasons for approval of the APA and the Sale have been articulated. Approval of the Sale Motion and the APA and the consummation of the

transactions contemplated thereby is in the best interests of the Debtor, its creditors, its estate, the public and other parties in interest.

E. A sale of the Purchased Assets is the only viable alternative for preserving and capturing the maximum value of the Purchased Assets.

F. The Sale must be approved and consummated promptly in order to preserve the value of the Purchased Assets.

## V. No Fraudulent Transfer

A. The consideration provided by the Purchaser pursuant to the APA is fair and adequate and constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession, or the District of Columbia.

## VI. Validity of Transfer

A. The Debtor (i) has full corporate power and authority to execute and deliver the APA and all other documents contemplated thereby, and the Sale of the Purchased Assets by the Debtor has been duly and validly authorized by all necessary corporate action, (ii) has all of the corporate power and authority necessary to consummate the transactions contemplated by the APA, (iii) has taken all corporate action necessary to authorize and approve the APA and the consummation by the Debtor of the transactions contemplated thereby, and (iv) requires no further consents or approvals, other than those expressly provided for in the APA or otherwise explicitly set forth herein, to consummate the transactions.

B. The transfer of each of the Purchased Assets to the Purchaser (i) will be as of the date of the closing (the "Closing") of the sale (the "Closing Date"), (ii) will be a legal, valid, and effective transfer of such assets, and (iii) vests or will vest the Purchaser with all right, title,

-6-

11-54601-pjs    Doc 55    Filed 06/24/11    Entered 06/24/11 16:09:22    Page 6 of 18

and interest of the Debtor to the Purchased Assets free and clear of all Liens and Claims (as defined below) accruing, arising or relating thereto any time prior to or resulting from the Closing. The Purchased Assets shall include any and all recoveries, reductions and/or benefits in connection with the Petition dated May 4, 2011 filed on behalf of the Debtor with the State of Michigan, Tax Tribunal seeking a reduction of the real and personal property taxes assessed for years 2010 and 2011, Parcel I.D. Nos. XAO-109-1100-00 and XAO-901-1100-00 (the "Tax Appeal"), which will hereafter be prosecuted by Purchaser.

## VII. Section 363(f) is Satisfied

A. The sale complies with Section 363(f) of the Bankruptcy Code. The sale, transfer and assignment of the Purchased Assets to the Purchaser shall be free and clear of all Liens and Claims (as defined in paragraph 15 below), subject to the Permitted Exceptions (as defined in paragraph 10 of the APA).

B. The Purchaser would not have entered into the APA and would not consummate the transactions contemplated thereby (by paying the Purchase Price) if the sale of the Purchased Assets to the Purchaser were not free and clear of all Liens and Claims of any kind or nature whatsoever (subject to the Permitted Exceptions), or if the Purchaser would, or in the future could be liable for any of such Liens and Claims.

C. The Debtor may sell the Purchased Assets free and clear of all Liens and Claims (subject to the Permitted Exceptions) against the Debtor, its estate or any of the Purchased Assets because, in each case, one or more of the standards set forth in section 363(f)(l)-(5) of the Bankruptcy Code has been satisfied. Those holders of Liens and Claims against the Debtor, its estate any of the assets comprising the Purchased Assets who did not object, or who withdrew their objections, to the Sale or the Sale Motion are deemed to have

consented pursuant to section 363(f)(2) of the Bankruptcy Code. Those holders of such Liens and Claims who did object fall within one or more of the other subsections of section 363(f) and are adequately protected by having their Liens and Claims, if any, in each instance against the Debtor, its estate or any of the Purchased Assets, attach to the cash proceeds of the Sale in which such creditor alleges an interest, in the same order of priority, with the same validity, force and effect that such creditor had prior to the Sale, subject to any claims and defenses the Debtor and its estate may possess with respect thereto.

### VIII.  No Successor Liability

Except for the Assumed Liabilities (as defined in section 3 of the APA), the transfer of the Purchased Assets from the Debtor to the Purchaser does not and will not subject the Purchaser or its affiliates, successors and assigns or its respective properties (including the Purchased Assets) to any liability for Liens and Claims against the Debtor or the Debtor's interests in such Purchased Assets by reason of such transfer under the laws of the United States or any state, territory or possession thereof or the District of Columbia, applicable to such Sale, including, without limitation, any bulk transfer laws, successor liability or similar theories.  The Purchaser is not a continuation of the Debtor or its respective estate and there is no continuity between the Purchaser and the Debtor. The Purchaser is not holding itself out to the public as a continuation of the Debtor or its respective estate and the Sale does not amount to a consolidation, merger or *de facto* merger of the Purchaser and the Debtor.  Notwithstanding the foregoing, nothing in this Order shall be interpreted to deem the Purchaser as the successor to the Debtor under any state law successor liability doctrine with respect to any liabilities under environmental laws or regulations for penalties for violations prior to entry of this Order.

-8-

11-54601-pjs    Doc 55    Filed 06/24/11    Entered 06/24/11 16:09:22    Page 8 of 18

**NOW, THEREFORE, THE COURT HEREBY ORDERS, ADJUDGES AND DECREES THAT:**

**General Provisions**

1. The relief requested in the Sale Motion is granted and approved, and the Sale contemplated thereby is approved as set forth in this order.

2. All of the findings of fact and conclusions of law set forth above are incorporated herein by reference, and the Sale Motion, as modified by any announcements in open court, is granted, as provided herein.

**Approval of APA**

3. The APA and all other ancillary documents, and all of the terms and conditions thereof, are hereby approved and authorized.

4. The transfer of the Purchased Assets by the Debtor to Purchaser upon Closing and payment of the Purchase Price will be a legal, valid and effective transfer of the Purchased Assets notwithstanding any requirement for approval or consent by any entity (as defined in section 101(15)) of the Bankruptcy Code.

5. The Debtor has demonstrated both: (a) good, sufficient and sound business purposes and justification; and (b) compelling circumstances for the sale other than in the ordinary course of business, pursuant to section 363(b) of the Bankruptcy Code.

6. Good and sufficient reasons exist for approval of the sale of the Purchased Assets to Purchaser under the terms of the APA. The relief requested in the Sale Motion is in the best interests of the Debtor, its creditors, the public and the Debtor's estate.

7. The transfer of the Purchased Assets to Purchaser pursuant to the APA will be a legal, valid, and effective transfer of the assets, and vests the Purchaser with good and

indefeasible title to the Purchased Assets free and clear of all Liens and Claims (except for the Permitted Exceptions) and any such Liens and Claims which existed prior to the Closing shall attach to the proceeds of the Sale in the same order and priority as existed before the Sale pursuant to 11 U.S.C. § 363(f), subject to any rights, claims and defenses of the Debtor or other parties in interest.

8. Any Liens or Claims for unpaid Taxes (as defined in the APA), including any Liens or Claims pursuant to M.C.L. 205.27a, will attach to, and be paid from, the proceeds of the sale of the Purchased Assets, and the Purchased Assets will be sold free and clear of any Liens or Claims for unpaid Taxes, and Purchaser shall not be liable for such Liens or Claims for unpaid Taxes, including, without limitation, any liability pursuant to M.C.L. 205.27a.

9. The transfer of the Purchased Assets is in exchange for consideration being paid by the Purchaser that constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and under the laws of the United States, any state, territory, possession, or the District of Columbia.

10. The transfer of the Purchased Assets does not and shall not subject the Purchaser to any liability for Liens and Claims by reason of such transfers and assignments under the laws of the United States, any state, territory or possession thereof of the District of Columbia based, in whole or in part, directly or indirectly, on any theory of law, including, without limitation, any theory of successor or transferee liability, and all creditors and parties-in-interest are prohibited from asserting such claims against Purchaser or Purchaser's Affiliates.

11. Purchaser is a good faith purchaser under section 363(m) of the Bankruptcy Code and, as such, is entitled to all of the rights and protections afforded thereby.

12. There has been such notice as is appropriate in the particular circumstances given to all entities required by law to receive notice of the Sale and such opportunity for hearing as is appropriate in the particular circumstances and no further notice is necessary.

13. The Purchased Assets have been adequately marketed and may lose value absent a prompt sale.

14. All of the requirements of sections 105 and 363 of the Bankruptcy Code for a sale free and clear of all Liens and Claims have been met.

**Sale**

15. Except for the Purchaser's liability to pay the Purchase Price and satisfy its other obligations set forth in the APA, the Sale, transfer and assignment of the Purchased Assets to the Purchaser upon the Closing shall be free and clear of all Liens and Claims (subject to the Permitted Exceptions), which include, but are not limited to: (1) all rights, interests of any kind or nature whether known or unknown, legal or equitable, matured or unmatured, contingent or noncontingent, liquidated or unliquidated, asserted or unasserted, whether arising prior to or subsequent to the commencement of these chapter 11 cases, whether imposed by agreement, understanding, law, equity or otherwise, mortgages, deeds of trust, security interests, charges, mechanics liens, liabilities, guarantees, pledges, liens, claims, judgments, demands, easements, encumbrances, defects, obligations, options, restrictions of all kinds, any claims under any contract or statute or in tort, right of first refusal, right of setoff, all claims that the Purchaser is the successor in interest to the business or liabilities of the Debtor as it relates to the Purchased Assets, (2) any post-petition administrative claims in the Debtor's bankruptcy case; (3) any claims arising as a result of any employment, pension, welfare, retirement, severance, compensation or other employee benefit plans, agreements, practices and programs, including,

-11-

11-54601-pjs    Doc 55    Filed 06/24/11    Entered 06/24/11 16:09:22    Page 11 of 18

without limitation, any pension plan of Debtor; (4) any other employee claims, worker's compensation, discrimination, occupational disease, unemployment or disability related claim, including, without limitation, claims that might otherwise arise under or pursuant to (a) the Employee Retirement Income Security Act of 1974, as amended, (b) the Fair Labor Standards Act, as amended, (c) Title VII and all other provisions of the Civil Rights Act of 1964, as amended, (d) the Federal Rehabilitation Act of 1973, as amended, (e) the National Labor Relations Act as amended, (f) the Worker Adjustment and Retraining Act of 1988, as amended, (g) the Age Discrimination and Employee Act of 1967, as amended and Age Discrimination in Employment Act and Older Workers Benefits Protection Act, each as amended, (h) the Americans with Disabilities Act of 1990, as amended, (i) the Consolidated Omnibus Budget Reconciliation Act of 1985, (j) any state discrimination and employment laws, (k) state unemployment compensation laws or any other similar state laws, (l) the Family Medical Leave Act of 1993, as amended, (m) the Elliott-Larsen Civil Rights Act, as amended, (n) the Equal Employment Opportunity Acts of 1972, as amended, or (o) any other state or federal benefits or claims relating to any employment with the Debtor or any of their respective predecessors; (5) any claims under bulk sales or similar law; (6) any claims or liabilities under any tax statutes or ordinances, including, without limitation, the Internal Revenue Code of 1986, as amended and MCL 205.27a, and any Taxes of Debtor and all liabilities with respect thereto, including without limitation, all federal Taxes and Taxes owing to the state of Michigan and any other Government Authority; (7) claims of any other governmental entities; (8) all liabilities, Claims and Liens under any theories of successor liability; (9) any environmental law(s) or environmental, health, and safety Liabilities; (10) any claims of the EPA or Michigan Department of Environmental Quality asserted against Debtor with respect to any environmental contamination associated with

any real property of the Debtor, or the Purchased Assets; (11) any claims for product liability; (12) all "claims" as defined under section 101(5) of the Bankruptcy code; and (13) any other liability, claim or interest, including, without limitation, liens, claims, encumbrances, causes of action or interests that purport to give to any party a right or option to effect any forfeiture, modification, or termination of the Debtor's or the Purchaser's interest in or possession of the Purchased Assets or to impose any liability upon the Purchaser as result of the acquisition of the Purchased Assets and/or consummation of the transactions under the APA (for avoidance of doubt, all of the matters described in the foregoing (1) through (13) are collectively referred to herein as "Liens and Claims"). Upon the Closing and payment of the Purchase Price, holders of all such Liens and Claims shall be permanently enjoined from asserting such Liens or Claims against the Purchased Assets and the Purchaser. All Liens and Claims shall attach to the Sale Proceeds with the same extent, validity and priority as they had with respect to the Purchased Assets prior to Closing, subject to the terms of the escrow agreement and the APA which provide for the escrow of the Deposit be held and disbursed to Debtor and Purchaser following the Closing in accordance with the provisions of the APA. The Sale Proceeds shall be held by Debtor until further order of the Court.

16. The transfer of the Purchased Assets to the Purchaser will not subject the Purchaser to any liability by reason of such transfer under the laws of the United States, and state, territory or possession thereof, or the District of Columbia, based, in whole or in part, directly or indirectly, on any theory of law, including, without limitation, any Liens or Claims, any theory of antitrust or successor or transferee liability or otherwise.

17. The consummation of the transaction is legal, valid and properly authorized under all applicable provisions of the Bankruptcy Code, including, without limitation, sections 105(a),

363(b), 363(f), 363(m), and all of the applicable requirements of such sections have been complied with in respect of the transaction.

18.     The Debtor has and shall convey to Purchaser good and marketable title to the Purchased Assets, free and clear of all Liens and Claims (subject to the Permitted Exceptions).

19.     Purchaser shall have no obligation to cure any pre-Closing defaults by Debtor relating to the Purchased Assets and that the exclusive remedy available to any party asserting such pre-Closing default shall be to pursue a claim against the Debtor in this Court.

**Injunction**

20.     Except as expressly permitted by the APA or by this Order, all persons and entities, including, but not limited to, the pre-petition lender, all creditors, equity security holders, governmental, tax and regulatory authorities, and other persons holding Liens and Claims against or in the Debtor or the Debtor's interests in the Purchased Assets (whether known or unknown, legal or equitable, matured or unmatured, contingent or noncontingent, liquidated or unliquidated, asserted or unasserted, whether arising prior to or subsequent to the commencement of this case, whether by agreement, understanding, law , equity or otherwise), arising under or out of, in connection with, or in any way relating to, the Debtor, the Purchased Assets, the Debtor's business before the Closing or the transfer of the Debtor's interest in the Purchased Assets to the Purchaser, shall be forever barred, stopped and permanently enjoined from asserting, prosecuting or otherwise pursing Liens and Claims against the Purchaser or its property (including the Purchased Assets). Except as expressly provided in the APA, following the Closing, no holder of a Lien and Claim against the Debtor shall interfere with Purchaser's title to or use and enjoyment of the Purchased Assets, and all such Liens and Claims, if any, shall be and hereby are transferred to the proceeds of the Sale in the order of their priority, with the same validity, force and effect which they have

against such Purchased Assets as of the Closing, subject to the Permitted Exceptions, and any other rights, claims and defenses that the Debtor's estate and Debtor, as applicable, may possess with respect thereto.

**<u>Miscellaneous</u>**

21. Pursuant to section 363(b) of the Bankruptcy Code, the Debtor is authorized and empowered to take any and all actions necessary or appropriate to (i) execute, deliver, perform under, consummate and implement, the APA (subject to the applicable closing conditions set forth in the APA), collectively with all additional instruments and documents that may be reasonably necessary or desirable to implement the APA, (ii) close the Sale as contemplated by the APA and this order; and (iii) take all further actions as may be requested by Purchaser for the purpose of transferring the Purchased Assets to Purchaser or as may be necessary or appropriate to the performance of the obligations contemplated by the APA.

22. This order shall be binding in all respects upon the Debtor, including the Debtor, its estate, all holders of equity interests in any Debtor, all holders of any Liens and Claims, (whether known or unknown) against any Debtor, any holders of Liens or Claims against or on all or any portion of the Purchased Assets, the Purchaser and all successors and assigns of the Purchaser, the Purchased Assets and any trustee, if any, subsequently appointed in the Debtor's chapter 11 case or upon a conversion to chapter 7 under the Bankruptcy Code of the Debtor's case. This order and the APA, shall inure to the benefit of the Debtor, its estate and creditors, the Purchaser, and their respective successors and assigns.

23. Nothing contained in any plan of reorganization or liquidation, or order of any type or kind entered in (i) the chapter 11 case, (ii) any subsequent chapter 7 case into which any

-15-

11-54601-pjs    Doc 55    Filed 06/24/11    Entered 06/24/11 16:09:22    Page 15 of 18

such chapter 11 case may be converted, or (iii) any related proceeding subsequent to entry of this order, shall conflict with or derogate from the provisions of the APA or the terms of this order.

24. On the Closing, this order shall be construed and shall constitute for any and all purposes a full and complete general assignment, conveyance and transfer of the Purchased Assets or a bill of sale transferring good and marketable title in the Purchased Assets to Purchaser free and clear of all Liens and Claims. Each and every federal, state, and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the APA.

25. Subject to the occurrence of the Closing, this order: (a) is and shall be effective as a determination that all Liens and Claims of any kind or nature whatsoever existing as to the Purchased Assets prior to the Closing have been unconditionally released, discharged and terminated, and that the conveyances described herein have been effected and that no further filings are necessary to give effect to Section 16.3(iv) of the APA and are transferred to the Sale Proceeds pursuant to Paragraph 15; and (b) shall be binding upon and shall govern the acts of all entities, including without limitation all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to the Purchased Assets. Notwithstanding that no such filings are necessary for the Purchased Assets to be sold free and clear of Liens and Claims in accordance with this Order and the APA, the Debtor and the

-16-

11-54601-pjs    Doc 55    Filed 06/24/11    Entered 06/24/11 16:09:22    Page 16 of 18

Purchaser are authorized to file any termination statements required to terminate of record any liens on the Purchased Assets.

26. Each of the Debtor's creditors is authorized and directed on or before the Closing to execute such documents and take all other actions as may be necessary to release its Liens in or Claims against the Purchased Assets, if any, as such Liens or Claims may have been recorded or otherwise existed.

27. The APA and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto, in a writing signed by such parties, and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtor's estate.

28. The failure specifically to include any particular provisions of the APA in this order shall not diminish or impair the effectiveness of such provisions, it being the intent of the Court that the APA be authorized and approved in its entirety. Likewise, all of the provisions of this order are nonseverable and mutually dependent.

29. The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this order.

30. Notwithstanding the possible applicability of Fed.R.Bankr.P. 6004(h), 7062, 8001, 8002, 9014 or otherwise, the terms and conditions of this order shall be immediately effective and enforceable upon its entry and the Debtor and Purchaser are authorized to close the Sale immediately upon entry of this order.

31. This Bankruptcy Court retains jurisdiction with respect to all matters arising from or related to the implementation of this order, including, without limitation, jurisdiction (i) to

interpret and enforce the provisions of the APA, and any related agreement to which the Debtor and Purchaser are parties, (ii) to interpret and enforce this Order; (ii) to protect the Purchaser against any claims or other liabilities related to the transactions contemplated by the APA or otherwise, in accordance with the provisions of the APA; and (iii) resolve any and all objections to, or disputes among the parties to the Purchaser Agreement regarding, all issues or disputes with respect to claims for indemnification or otherwise under the APA.

32. As a result of the Closing of the Sale, the Purchaser shall have no successor, derivative or vicarious liabilities of any kind or character, including, but not limited to, federal, state or other tax liabilities, liabilities based on any theory of successor or transferee liability, antitrust, environmental, labor law, alter ego, veil piercing, continuity of enterprise, mere continuation, product line, de facto merger or substantial continuity, with respect to the Debtor or any obligation of the Debtor, including, but not limited to, in the case of liabilities on account of any extra taxes arising, accruing or payable under, out of, in connection with, or in any way relating to the Purchased Assets prior to the Closing or any taxes in connection with, or in any way relating to the cancellation of debt of the Debtor or its affiliates.

.

**Signed on June 24, 2011**

                                        **/s/ Phillip J. Shefferly**
                                        **Phillip J. Shefferly**
                                        **United States Bankruptcy Judge**